# *EXHIBIT A*

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-007275-NO<br>Hon.Martha M. Snow |

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-6889

| Plaintiff's name(s), address(es), and telephone no(s)<br>Connole, Eileen | v | Defendant's name(s), address(es), and telephone no(s).<br>DOLGENCORP LLC. |

Plaintiff's attorney, bar no., address, and telephone no

Ali H. Koussan 75044
821 W Milwaukee St
Detroit, MI 48202-2947

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/17/2022 | Expiration date*<br>9/16/2022 | Court clerk<br>Laverne Chapman |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

EILEEN CONNOLE,

        Plaintiff,

vs.

DOLGENCORP, LLC,

        Defendant.

Case No.: 22-     -NO

Hon.

---

ALI H. KOUSSAN (P75044)
Attorney for Plaintiff
Koussan Hamood PLC
821 West Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
ali@kh-plc.com

---

## PLAINTIFF'S COMPLAINT

There is no known pending or resolved civil action
arising out of the transaction or occurrence alleged
in the complaint.

NOW COMES Plaintiff, EILEEN CONNOLE by and through counsel, Ali H. Koussan, and for her Complaint, states as follows:

1.     Plaintiff, EILEEN CONNOLE, is a resident of the City of Kissimmee, County of Osceola, State of Florida.

2.     Defendant, DOLGENCORP, LLC, is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Michigan and exists within the County of Wayne, State of Michigan, is the proper entity for the Defendant in this case and accepting service through its Resident Agent, CSC-Lawyers Incorporating Service, located at 601 Abbot Road, East Lansing, MI 48823.

3.     The incident described herein occurred within the County of St. Joseph, State of Michigan and is being brought pursuant to the statutorily created exception of defective buildings, i.e. MCL 691.1406. et. seq.

4.     The amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

5.     On or about June 22, 2021, EILEEN CONNOLE tripped and fell on defendant's property and sustained severe and permanent injuries.

6.     At all times hereinmentioned it was the Defendant's duty to keep its property and all parts thereof in reasonable repair and safe for public use, pursuant to the statute made and provided therefore.

7.     Said conditions were exacerbated by Defendant's failure to maintain as well as Defendant negligently allowing said conditions and hazards to remain.

8.     Defendant herein, had a duty to exercise due care and caution for the health and well-being of persons lawfully utilizing the public building, including and more specifically, Plaintiff, and further, had the duty to correct and remove any dangerous and defective conditions then and there existing, and to obey the common laws of the State of Michigan.

9.     Notwithstanding the duties imposed upon the Defendant herein by statute and common law, the Defendant did violate said duties and was negligent in the following acts of negligence and/or omissions:

    a)     by negligently failing to exercise due care to protect Plaintiff against the hazards arising in the existence of an improperly maintained building and walkway unfit for public use;

    b)     by failing to exercise due care and caution in the inspection of the roadway to ascertain the presence of improperly maintained building and walkway in an obvious disregard for

the safety, health and well-being of the public, and more particularly, Plaintiff herein;

c)   by failing to exercise ordinary care and prudence to render the building and walkway reasonably safe for the public, more particularly, Plaintiff.

d)   by failing to correct a dangerous condition on said building and walkway;

e)   by failing to warn Plaintiff of said hazardous walkway when the Defendant knew or should have known in the exercise of reasonable care and diligence that the defect posed an unreasonable risk to the public;

f)   by failing to cordon off the area;

g)   by failing to maintain the walkway in reasonable repair and fit for its intended purpose pursuant to MCL 554.139; and

h)   by commission of other acts of negligence and/or omissions, which are hereby reserved for proof at the time of trial.

10.   Defendant is the owner of the property and walkway identified herein.

11.   Defendant is responsible for the repair, maintenance, and supervision of the walkway identified herein.

12.   Notwithstanding said duties and obligations as a direct and proximate result of the negligence of Defendant, Plaintiff was caused to slip and fall as a result of the defect, causing Plaintiff to sustain severe, permanent and progressive injuries including, but not limited to, the following:

a)   Right upper extremity including shoulder, arm and elbow with associated severe adhesive capsulitis resulting in the necessity of surgical intervention, bicep tendonitis, trapezius pain and radicular pain with tingling of the phalanges, subacromial impingement and right arm paresthesia, cervical pathology or referred pain

b)   multiple contusions and lacerations;

3

c)      severe shock, fright, depression and mental anguish;

d)      pain and suffering; and

e)      further injuries which have not yet been diagnosed or manifested themselves.

f)      Further, that said injuries have necessitated hospital care and treatment, surgery, physical therapy, use of rehabilitative appliances, medications and/or other rehabilitative aids.

13.     As a future direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff has been required to incur substantial sums of money for the reasonable and necessary medical care and treatment, described above, in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish and permanent injuries sustained by him in the hereinbefore described incident, and that he will continue to do so in the future.

14.     As a further direct and proximate result of the acts of negligence and/or omissions of Defendant, Plaintiff is and will be unable to participate in those activities which a normal and healthy individual in the same or similar circumstances could have participated in but for the injuries sustain in the before described incident.

15.     As a direct and proximate result of the aforesaid injuries, Plaintiff has suffered a loss of wages and/or loss of earning capacity, which will continue into the future.

16.     In the event Plaintiff was suffering from any other medical and/or emotional conditions, then and in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident.

WHEREFORE, Plaintiff prays for judgment against Defendant in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which she is found to be entitled, together with interest, costs and attorney fees, so wrongfully incurred.

Respectfully submitted,

Koussan Hamood PLC

/s/ Ali H. Koussan
BY: ALI H. KOUSSAN (P75044)
Attorney for Plaintiff

Dated:  June 17, 2022

1/1

Simple Certified Mail

Koussan Hamood PLC
821 W. MILWAUKEE
DETROIT MI 48202

**US POSTAGE AND FEES PAID**

2022-06-24
48202
C4000004
Retail
9.0 OZFLAT

**easypost.**
easypost.com/signup

0901000002191

## USPS CERTIFIED MAIL™



9436 0368 9784 6479 0441 28

**RESTRICTED
DELIVERY**

CSC- LAWYER INCORPORATING SERVICE
2900 WEST RD STE 500
EAST LANSING MI 48823-6386

6/24/22, 3:11 PM

https://my.simplecertifiedmail.com/PrintLabel.aspx

